USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 15 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

William Edward Crowley Jr.,

           Plaintiff,

–v–

Carolyn W. Colvin,
Acting Commissioner of Social Security,

           Defendant.

13-cv-1723 (AJN) (RLE)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff William Crowley has commenced this action under the Social Security Act, challenging the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for social security disability benefits. On July 15, 2013, the Commissioner moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting that the Court affirm the decision of the Commissioner and dismiss the complaint. Dkt. No. 8. On August 14, 2013, Plaintiff cross-moved for judgment on the pleadings, requesting that the Court reverse the Commissioner's denial of his claim for benefits, or, in the alternative, remand for a new hearing. Dkt. No. 12.

    On March 24, 2014, the Honorable Ronald E. Ellis, United States Magistrate Judge, issued a report and recommendation ("R & R") recommending that the Court grant the motion of the Commissioner and deny the motion of the Plaintiff. Dkt. No.16. Plaintiff timely objected to the R & R, raising many of the same arguments as he did in his original motion. Dkt. No. 17.

1

This order assumes familiarity with the facts of the case, which are laid on in detail in the R & R. Unless otherwise noted, they are incorporated by reference herein. Having reviewed *de novo* the Administrative Record, the R & R, and the briefing on Plaintiff's Objections, the Court adopts in part and rejects in part the R & R,[1] and remands the case for further administrative proceedings.

## I.   Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party properly objects to the magistrate's proposed findings and recommendations, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations." *Id.*

In order to merit de novo review, a party's objections must be specific rather than conclusory or general. *See Watson v. Geithner*, No. 11-cv-9527 (AJN) (HBP), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) ("[A] district judge may review for clear error any portions of a magistrate's recommendations to which only 'conclusory or general' objections are made.") (citing *Dixon v. McGinnis*, No. 06-cv-39 (RJS), 2012 WL 6621728, at *3 (S.D.N.Y. Dec. 19, 2012)). The objections must, furthermore, have been raised before the magistrate judge, for "a party waives any arguments *not* presented to the magistrate judge." *Id.* (citing *Tarafa v. Artus*, No. 10-cv-3879 (AJN) (HBP), 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013)). While courts in this district sometimes state that objections that "simply reiterate[] the original

---

[1] The Court has found no clear error in the portions of the R & R to which no objections have been made.

arguments" merit only clear error review, *see, e.g., Jones v. Astrue*, No. 09-cv-5577 (DAB), 2012 WL 4473258, at *1 (S.D.N.Y. Sept. 8, 2012), this rule lacks support in either 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), and is, moreover, at odds with the rule regarding waiver, *see Watson*, 2013 WL 5441748, at *2.

In this case, Plaintiff timely makes four specific objections to the R & R, all of which were presented to the magistrate judge in his motion for judgment on the pleadings. Accordingly, the Court will review the portions of the R & R to which Plaintiff objects de novo.

## II. Discussion

### A. Legal Standard

When reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The reviewing court "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand to the Commissioner for further development of the evidence may be appropriate. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. The ALJ Failed to Properly Evaluate Medical Opinion Evidence

Plaintiff objects that, contrary to the conclusion reached by the R & R, "Administrative Law Judge Mark Hecht (the "ALJ") clearly failed to follow the treating physician rule." Pl. Mem. 2. The Court agrees.

Under the treating physician rule, "[t]he opinion of a treating physician on the nature or severity of a claimant's impairments is binding if it is supported by medical evidence and not contradicted by substantial evidence in the record." *Selian*, 708 F.3d at 418 (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2d Cir. 2003); 20 C.F.R. § 404.1527(c)(2)). The rule imposes upon the ALJ "a higher duty of explanation when determining the weight that must be given to a treating source's opinion," and "[f]ailure to properly apply [the rule] . . . constitutes legal error." *Rolon v. Commissioner of Social Sec.*, 994 F. Supp. 2d 496, 506 (S.D.N.Y. 2014). In order to disregard or override the opinion of a treating physician, "the ALJ must *explicitly* consider, *inter alia*: (1) the frequency, length, nature, and extent of the treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Rolon*, 994 F. Supp. 2d at 507 (quoting *Selian*, 708 F.3d at 418).

The ALJ failed to apply correctly the treating physician rule when he chose to "give little weight to Dr. Benezra's opinions regarding Plaintiff's abilities "to maintain concentration for extended periods and complete a normal workweek without interruption," as well as Plaintiff's adaptation and social interaction skills. *See* R. 31.[2] Most significantly, the ALJ failed to

---

[2] Dr. Benezra has repeatedly expressed the opinion that Plaintiff is unable to work due to his panic attacks and depression. *See* R. 206 (stating that Plaintiff is "not able to work at all"); R. 368 (stating that Plaintiff "has had [panic disorder and depressive disorder] since September 2006, and hasn't been able to work since that date"); R. 375 (indicating that Plaintiff is "[i]ncapable of even 'low stress'" work). As a result of these conditions, Dr. Benezra indicated that Plaintiff is markedly limited in his ability to "maintain attention and concentration for extended periods," "complete a normal workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods." R. 373-74; *see also* R. 372 (indicating that Plaintiff experienced "panic attacks – on a daily basis"); R. 204 (stating that Plaintiff "has a long history of panic disorder" and "was out on disability on several occasions for an extended period of time" when he worked); R. 207 (stating that Plaintiff's "anxiety attacks interfere with concentration"). Dr. Benezra has also opined that Plaintiff was markedly limited in his "ability to respond appropriately to changes in work setting," and that he was moderately limited across a range of social interaction skills, including the "ability to interact appropriately with

expressly consider that Dr. Benezra has been treating Plaintiff for over a decade—including weekly or biweekly therapy sessions—and that, as a board-certified psychiatrist, he is a specialist in his field. *See* R. 51-52, 56. Both these factors are among those that the ALJ *must* give express consideration in order to justify overriding the opinion of a treating physician. *See Selian*, 708 F.3d at 418 (enumerating these as factors "that the ALJ must explicitly consider" to justify overriding the opinion of the treating physician) (citing *Burgess*, 537 F.3d at 129). Furthermore, both weigh strongly *against* overriding Dr. Benezra's opinion in this case. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."); § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). This failure to "consider the required factors [] constitutes legal error" and requires remand. *Rolon*, 994 F. Supp. 2d at 506.

      The Court further finds that the ALJ failed to provide an adequate reason for rejecting Dr. Benezra's opinions regarding the severity of Plaintiff's impairments. The ALJ misconstrued the record when he asserted that Dr. Benezra's opinions were unsupported by "clinical records, by Dr. Benezra, or any other psychiatrist." R. 31. To the contrary, Dr. Benezra's opinions regarding Plaintiff's limited ability to concentrate or complete a normal workweek are supported by Dr. Benezra's observations that Plaintiff "stays home most of the day," has "anxiety attacks [which] interfere with concentration," and was "was out on disability on several occasions for an

---

the general public," the "ability to ask simple questions or request assistance," and "[t]he ability to accept instructions and respond appropriately to criticism from supervisors." R. 374.

extended period of time" when he did work, R. 206-07; as well as consulting physician Haruyo Fujiwaki's statement that Plaintiff reported "panic attacks on a daily basis" that could be triggered by "[a]nything," and that Plaintiff's ability to maintain attention and concentration and follow a regular schedule were somewhat limited by his anxiety, *see* R. 211-13. *Cf. Selian*, 708 F.3d at 418-19 (finding that ALJ erred by misconstruing record in order to override treating physician's opinion and relying too heavily on the opinion of another physician who had "performed only one consultative examination").

Nor is the ALJ's disregard of Dr. Benezra's opinions justified by the alleged inconsistencies in his reports. The ALJ appears to discount Dr. Benezra's opinions regarding the severity of Plaintiff's panic disorder and their impact on his ability to work because Plaintiff's "mental status examination findings . . . were normal" in many respects, including understanding and memory, social interaction, and adaptation. *See* R. 31; *see also* R & R 26 (asserting that Dr. Benezra's assessment of the severity of Plaintiff's impairment was inconsistent with fact that an early reported stated that Plaintiff was not suicidal had no "limitations with understanding, memory, social interaction, or responding appropriately to changes in the work setting."). However, these findings are not inconsistent with Dr. Benezra's opinion that Plaintiff is unable to work due to his panic disorder and depression—an individual may, for instance, simultaneously exhibit normal intelligence and suffer from debilitating panic attacks. *Cf. Morales v. Barnhart*, 218 F. Supp. 2d 450, 462 (S.D.N.Y. 2002) ("[A]bove average intelligence and appropriate social performance . . . do not negate—or even materially detract from—the doctors' diagnoses of psychiatric impairment."). Accordingly, they do not justify the ALJ's failure to assign controlling weight to that opinion in this case.

Moreover, when "a physician's report is believed to insufficiently explained, lacking in support, or inconsistent with physician's other reports, the ALJ must seek clarification and additional information from the physician, as needed, to fill any clear gaps before rejecting the doctor's opinion." *Jimenez v. Astrue*, No. 12-cv-3477 (GWG), 2013 WL 4400533, at *11 (S.D.N.Y. Aug. 14, 2013) (citing *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010); *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)). Thus, to the extent that there were gaps or inconsistencies in the evidence underlying Dr. Benezra's opinions, such as the difference between in Plaintiff's reported adaptation skills in Dr. Benezra's December 2011 and April 2012 reports, *compare* R. 207 *with* R. 374, the ALJ had an affirmative obligation to reach out to Dr. Benezra in order to attempt to fill those gaps or reconcile those inconsistencies. *See id.* (citing *Rogers v. Astrue*, 895 F. Supp. 2d 541, 549 (S.D.N.Y. 2012)). That did not happen here.

In summary, the ALJ overrode the opinions of Plaintiff's treating physician without expressly considering mandatory factors such as the duration of the treatment relationship and specialty of the physician. Furthermore, the ALJ's asserted reasons for discounting the treating physician's relationship were inadequate, and the ALJ further failed in his duty to affirmatively develop the evidence. For these reasons, the Court concludes that the ALJ failed to apply the correct legal standard in determining the weight to assign Dr. Benezra's opinion as to the nature and severity of Plaintiff's psychiatric impairments. On remand, the ALJ must properly apply the treating physician rule.

### C. New Evidence Must Be Considered on Remand

Plaintiff further objects that the magistrate judge erred in finding that new evidence submitted by Plaintiff to the Appeals Council, *i.e.* a psychological evaluation conducted by Dr. Ronald A. Sherman, Ph.D, and an October 22, 2012, report completed by Dr. Benezra, did not warrant remand. *See* R & R 31. For the reasons set forth below, the Court agrees.

"A court may order that a case be remanded to the Commissioner to consider new evidence 'only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Patterson v. Colvin*, -- F. Supp. 2d --, No. 13-cv-4386 (GWG), 2014 WL 2566071, at *15 (S.D.N.Y. June 6, 2014) (quoting 42 U.S.C. § 405(g)); *accord. Lisa v. Sec'y of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991). Because the evidence in question did not exist at the time of the ALJ hearing, there is "no question that the evidence is 'new' and that 'good cause' existed for [Plaintiff's] failure to submit this evidence to the ALJ." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004). Thus, the only remaining question is whether the evidence is "material."

"New evidence is 'material' if it is both (1) 'relevant to the claimant's condition during the time period for which benefits were denied' and (2) 'probative.'" *Pollard*, 377 F.3d at 193 (quoting *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988)). There must further be "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently." *Id.* (alteration in original). Despite its subsequent creation, the evidence at issue was relevant to the time period for which benefits were denied: Dr. Sherman's report states that "[t]he onset of" Plaintiff's psychiatric system was January 2007, R. 522; and Dr. Benezra's October 22, 2012, report likewise relates his assessment of Plaintiff's

8

condition during the relevant time period, *see* R. 537 ("He has been unable to work since at least September 2006 when his symptoms first presented."). *See Pollard*, 377 F.3d at 193 (finding that documents generated subsequent to relevant time period can nonetheless bear on a plaintiff's claims). The evidence is also probative of Plaintiff's claims, as it relates to and provides support for his alleged psychiatric impairments.

The Court further finds that the new evidence is sufficiently likely to make a difference in the Commissioner's evaluation of the Plaintiff's claim to require remand. Most significantly, Dr. Sherman's report provides substantial support for Plaintiff's claim and therefore has the potential to alter the Commissioner's assessment of the weight of the evidence. *See, e.g.*, R. 524 ("Mr. Crowley, Jr. was totally disabled emotionally and unable to function in any job in any capacity."). This is particularly true in light of the fact that Dr. Sherman's report corroborates Dr. Benezra's opinions regarding the severity of Plaintiff's psychiatric impairments, which may in turn affect the Commissioner's analysis under the treating physician rule. Dr. Benezra's additional report is material for similar reasons. *See, e.g.*, R. 538 ("[I]it is my medical opinion that Mr. Crowley has been unable to perform any kind of competitive work on a sustained basis since at least September 2006. His prognosis remains poor."). Accordingly, the Court agrees with Plaintiff that this new evidence warrants remand and must be considered by the Commissioner.

### D. Medical-Vocational Guidelines and Credibility Determination

The Court does not reach Plaintiff's objections to the magistrate judge's rejection of Plaintiff's arguments regarding the ALJ's use of the medical-vocational guidelines and the ALJ's assessment of Plaintiff's credibility. *See* Pl. Mem. 10, 13. These objections do not concern the

legal standards used by the ALJ or the scope of the evidence considered, but rather the ALJ's evaluation of the evidence in the record—which will necessarily be altered on remand by correct application of the treating physician rule and the consideration of new evidence from Dr. Sherman and Dr. Benezra. On remand, the ALJ should consider Plaintiff's arguments in light of the newly developed record as a whole.

### III.   Conclusion

For the foregoing reasons, the R & R is adopted in part and rejected in part, and the matter is remanded to the commissioner for further administrative proceedings consistent with this memorandum and order. The Clerk of Court is directed to enter judgment.

SO ORDERED.

This resolves Dkt. Nos. 8, 12.

Dated: September 15, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge